**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4358

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FREDERICK SIOU BEAUFORT,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Mary G. Lewis, District Judge.  (3:24-cr-00406-MGL-1)

Submitted:  January 22, 2026                          Decided:  January 26, 2026

Before AGEE, RICHARDSON, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Taylor D. Gilliam, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Bryan P. Stirling, United States Attorney, Andrea G. Hoffman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frederick Siou Beaufort pleaded guilty to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced Beaufort to 27 months' imprisonment, on the lower end of his Sentencing Guidelines range. On appeal, Beaufort argues that § 922(g)(1) is both facially unconstitutional and unconstitutional as applied to him following *New York State Rifle & Pistol Ass'n v. Bruen*, in which the Supreme Court held that a firearm regulation is valid under the Second Amendment only if it "is consistent with this Nation's historical tradition of firearm regulation."  597 U.S. 1, 17 (2022).  Beaufort further asserts that the sentence is procedurally and substantively unreasonable.  We affirm.

Two of our decisions foreclose Beaufort's challenges regarding § 922(g)(1).  In *United States v. Canada*, we considered and rejected a constitutional challenge to § 922(g)(1), holding that "Section 922(g)(1) is facially constitutional because it has a plainly legitimate sweep and may constitutionally be applied in at least some set of circumstances."  123 F.4th 159, 161 (4th Cir. 2024) (citation modified).  Likewise, in *United States v. Hunt*, we held that neither *Bruen* nor *United States v. Rahimi*, 602 U.S. 680 (2024), "abrogates [our] precedent foreclosing as-applied challenges to Section 922(g)(1) and those decisions thus remain binding."  123 F.4th 697, 702 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 2756 (2025).  Thus, Beaufort's challenges regarding § 922(g)(1) fail.

As to Beaufort's challenges to the reasonableness of his sentence, we review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—

under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). In conducting this review, we first ensure that the sentence is procedurally reasonable, "consider[ing] whether the district court properly calculated the defendant's advisory guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *Id.* (internal quotation marks omitted). When imposing a sentence, "the district court must make an individualized assessment based on the facts presented[,] . . . state in open court the particular reasons supporting its chosen sentence," and "address the parties' nonfrivolous arguments in favor of a particular sentence." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (internal quotation marks omitted). If the court rejects those arguments, it must explain why in a manner allowing for meaningful appellate review. *Id.*

If a sentence is procedurally sound, we then review the substantive reasonableness of the sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). "When considering the substantive reasonableness of a prison term, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Arbaugh*, 951 F.3d 167, 176 (4th Cir. 2020) (citation modified). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable," and that presumption can only be rebutted by showing that the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

3

Beaufort argues that his sentence is procedurally unreasonable because the district court failed to give sufficient reasons for the sentence, did not adequately address his motion for a downward variance, failed to provide an individualized assessment, and did not consider mitigating evidence of his recent contributions to the community. We have reviewed the record and conclude that the court sufficiently explained its reasons for imposing a sentence at the lower end of the advisory Guidelines range. Specifically, in ruling on his downward variance and imposing the sentence, the district court addressed Beaufort's arguments by weighing his postarrest conduct against the seriousness of possessing a weapon as a felon, and the need to deter him and others from possessing firearms in the future. We further conclude that Beaufort's sentence is substantively reasonable as the court recognized Beaufort's contributions to the community since his arrest but emphasized the need for deterrence. Beaufort has failed to overcome the presumption of reasonableness applied to his within-Guidelines sentence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4